[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13517

Non-Argument Calendar

_____

HENRY MCCONE,

Plaintiff-Appellant,

*versus*

EXELA TECHNOLOGIES, INC.,
EXELA ENTERPRISE SOLUTIONS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-00912-CEM-DCI

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Henry McCone, proceeding *pro se,* appeals the district court's denial of his Rule 59(e) motion to alter or amend the judgment and for reconsideration.[1]

Where appropriate, we review the district court's denial of a Rule 59(e) motion for an abuse of discretion. *Lambert v. Fulton Cnty., Ga.,* 253 F.3d 588, 598 (11th Cir. 2001). Under Rule 59, a party may ask a district court to reconsider an earlier ruling. *See* Fed. R. Civ. P. 59(e). A Rule 59(e) motion must be based upon "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation marks omitted). It may not be used to relitigate old matters or raise arguments or present evidence that could have been raised prior to the initial entry of judgment. *Id.*

While *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed,

---

[1] On March 12, 2024, we dismissed the portion of McCone's appeal challenging the district court's order and final judgment granting summary judgment against him for lack of jurisdiction because his motion to reconsider was filed more than 28 days after the final order and judgment was entered. Thus, the motion did not toll the 30-day statutory time limit for filing a notice of appeal. We therefore proceed with his appeal only insofar as it relates to the denial of his motion for reconsideration, which was timely.

a court may not "serve as *de facto* counsel for a party [or] rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 69 (11th Cir. 2014). "[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An appellant fails to adequately brief a claim when he does not "plainly and prominently raise it," such as by making only passing references to the court's holding without advancing any arguments or citing any authorities to establish that they were error. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted). A party abandons a claim by: (1) making only passing reference to it, (2) raising it in a perfunctory manner without supporting arguments and authority, (3) referring to it only in the "statement of the case" or "summary of the argument," or (4) the references to the issue are mere background to the appellant's main arguments. *Id.* at 681-82.

Here, McCone has abandoned any purported challenge to the district court's denial of his motion to alter or amend the judgment and for reconsideration by failing to make any meaningful argument as to the motion on appeal. *Timson*, 518 F.3d at 874. McCone's brief is essentially a disagreement with the district court's determination as to the merits of his alleged discrimination and retaliation claims, which go to the final order and judgment of his case, and over which we lack jurisdiction and accordingly have already dismissed. While the first issue asserted in McCone's "statement of the issues" section of his brief is whether the district court abused its discretion in denying his motion, that is the only

4                Opinion of the Court                23-13517

place in his brief the motion or the abuse of discretion standard are so much as mentioned.  Such is not enough to preserve an argument on appeal.  *See Sapuppo*, 739 F.3d at 681-82.

   **AFFIRMED.**[2]

---

[2] McCone's motion for reconsideration of our March 12, 2024, order *sua sponte* dismissing his appeal, in part, for lack of jurisdiction is also DENIED.  *See* Fed. R. App. P. 4(a)(1)(A); *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 615 F.3d 1352, 1359 n.15 (11th Cir. 2010).